(7 App. Div. 311)

PEOPLE ex rel. HART v. LA GRANGE et al.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

1. OFFICER—REMOVAL—ABOLISHING OFFICE.
    The board of fire commissioners of New York City have no power to abolish an office merely for the purpose of removing the incumbent in order that they may appoint another to perform the same duties.

2. SAME—REVIEW—GOOD FAITH.
    The court has the power to inquire into the good faith of the action of the fire commissioners of New York City in abolishing an office in the department.

Appeal from special term, New York county.

Application by William H. Hart for a writ of mandamus to compel O. H. La Grange and others, constituting the board of commissioners of the fire department of New York City, to reinstate relator in an office from which he had been removed. From an order granting a peremptory writ, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. L. Findley, for appellants.

R. D. Hatch, for respondent.

PATTERSON, J. There was abundant evidence produced in the court below to require the issuance of the peremptory writ of mandamus in this matter. The only question before the court was whether the action of the commissioners of the fire department in discharging the relator was a legitimate exercise of the power they possessed to abolish the office he held, and thereby dispense with his services, or was a mere pretext to remove him in order that they might put some one in his place. It is manifest that the relator was discharged on the mere pretense that his office was to be abolished, and a man named McLewee was immediately assigned to do the same work that the relator had done. This man, McLewee, had been an employé of the fire department, filling a place which had been abolished by a resolution of the board, which resolution remained unrescinded at the time this relator was removed from his position; and it is painfully apparent that the relator was thrust aside simply for the purpose of retaining McLewee in employment and under the pay of the board, although the place he had filled had been abolished. Not only was the alleged reason for the discharge of the relator and the retention of McLewee (who was virtually a discharged employé) a mere sham, but McLewee was ineligible to fill the place even had the relator's office been abolished, for he had not passed the civil-service examination required by law, and in no sense could McLewee be regarded as a transferee from one position to another.

The courts have the right to inquire into the good faith of the action of the commissioners in a case of this kind, and the order appealed from should be affirmed, with costs. All concur.