WILLIAM D. SILVEY, Respondent *v.* JOHN A. BOYLE, Mayor of Ogden City, JOB PINGREE, JOHN JENKINS, J. E. WILLIAMS, MARTIN CULLEN, MYRTILLO SHAW, M. L. JONES, A. L. BREWER, E. T. WOOLEY, S. P. ASH and F. E. BROWNING, Members of the City Council of Ogden City, Appellants.

City Council — Power to Abolish an Office — Good Faith Necessary—Failure to Abolish—First Incumbent Entitled to Salary — Fixed Salary — Special Appropriation for — Unnecessary—Mandamus will not Lie.

*City Council—Power to Abolish an Office—Good Faith Necessary—Failure to Abolish—First Incumbent Entitled to Salary.*

The power creating an office has the right at any time to abolish it, if done in good faith; but where the incumbent is entitled to hold the office during good behavior and before the ordinance abolishing the office takes effect, another ordinance is passed re-creating the office and another person is appointed to the place, the removal was ineffective and the first incumbent is entitled to the emoluments of the office.[1]

*Fixed Salary — Special Appropriation for — Unnecessary — Mandamus will not Lie.*

Where the salary of a public officer has once been fixed and determined at a definite sum, no other appropriation is required; and application for a writ of *mandamus* to compel a special appropriation for a fixed salary must be denied.[2]

( Decided July 1, 1899.)

Appeal from the Second District, Weber County; Hon. H. H. Rolapp, *Judge.*

[1] *People* v. *McAllister*, 10 Utah, 357; *Pratt* v. *Board of Police and Fire Com'rs*, 15 Utah, 1; *Heath* v. *Salt Lake City*, 13 Utah, 374; *Pratt* v. *Swan*, 16 Utah, 483.

[2] See *Kendall* v. *Raybould*, 13 Utah, 226.

Application for a writ of mandate to compel the mayor and city council of Ogden City to make an appropriation out of the funds belonging to the city, for the purpose of paying a certain sum, which relator claims is due him on account of salary as captain of police. From a judgment ordering the issuance of the writ, defendants appealed. *Reversed.*

*Messrs. Richards & Allison* and *Wm. H. Smith,* for appellants.

*Messrs. Rogers & Johnson,* for respondent.

BARTCH, C. J.

This is an application for a writ of mandate to compel the mayor and city council of Ogden City to make an appropriation, out of the funds belonging to the city, for the purpose of paying a certain sum, which the relator claims was due him on account of salary as captain of police.

It appears from the record that the relator was appointed to the office of captain of police of Ogden City, under the Act of the Legislature, relating to "Police and Fire Departments," approved March 8th, 1894, Sess. Laws, p. 33. He discharged the duties of the office until February 15, 1898, when he was discharged, without charges having been preferred, or an opportunity given him to be heard, pursuant to an ordinance passed by the council, on January 31, approved by the mayor February 4, and published February 12, 1898, which the defendants claim abolished the office. That ordinance did not specify any day on which it was to take effect. On February 7, 1898, another ordinance was passed and approved, and was published on February 12, 1898, in which provision was again made

for the office of captain of police. Thereupon, on February 11, 1898, one S. T. Whittaker was appointed to the office, and was recognized as such officer until May 10, 1898, when, pursuant to an ordinance passed May 2, 1898, which expressly abolished the office, he was also discharged. The relator claims the emoluments of the office from the time of his attempted removal to May 10, 1898, when the office was finally abrogated.

At the trial the court rendered judgment in favor of the relator, and ordered the writ to be issued. Thereupon the defendants appealed.

The only question presented and argued in the briefs of counsel, is: "Did the ordinance of January 31, 1898, work an abolition of the office of captain of police?"

As this question goes to the merits of the case, and, as its determination is likely to prevent further litigation between the parties, we will express an opinion upon it, although the record presents another question, not adverted to by counsel in their briefs, which, as will hereafter be seen, is fatal to this proceeding, and the issuance of the writ thereunder.

Respecting the question on the merits, we are of the opinion that it must be answered in the negative. Of course if it were shown that the office in question was abolished in good faith, by the enactment of the ordinance of January 31, the relator could not be heard to complain. The power which created it had the right to abolish it at any time, and where an office is abolished, the presumption prevails that the services, which the discharged officer was wont to perform, are no longer required by the public, and no implication injurious to the incumbent can arise because of his dismissal, and no explanation or defense can avail him, and, therefore, no charges, in such event, need be preferred. This court so held in *Heath* v. *Salt Lake City*, 16 Utah, 374.

In the case at bar, however, it will be noticed, that within a few days of the passage of the ordinance, which appellants claim abolished the office, another one was passed providing for the same office; that both ordinances were published on the same day; and that on the day previous to such publication another person was appointed to fill the office. The ordinance of January 31, not fixing an earlier day for it to take effect, could not, under Sec. 205, R. S., become operative until twenty days after publication thereof, while the one of February 7, by its terms was to take effect upon approval. This shows that before the ordinance, which is claimed to have abolished the office, could become operative, the same office was again created. The outcome of all this was, that, under the former, the incumbent, who was entitled to hold during good behavior, or until the office was lawfully abrogated, was discharged, without preferring charges against him or giving him a hearing, and under the latter his place was filled by another appointee.

It is too clear for argument that the real purpose and design was, not to abolish the office, but to get rid of one incumbent so as to make room for another. The method pursued to effect the removal is not such as commends itself to a court of justice. An officer whose tenure is during good behavior, or who can only be removed for cause, cannot thus be legislated out of office.

This court has frequently held that such an officer can only be removed upon charges preferred against him, and an opportunity given him to be heard in his defense. *People* v. *McAllister*, 10 Utah, 357; *Pratt* v. *Board of Police and Fire Com'rs*, 15 Utah, 1; *Heath* v. *Salt Lake City*, 16 Utah, 374; *Pratt* v. *Swan*, 16 Utah, 483.

We are, therefore, of the opinion that the court properly held that the relator was entitled to the emoluments of the

office until May 10, 1898, when, as appears, it is conceded the office was finally abolished.

The next question, or the one suggested by the record, as hereinbefore intimated, is whether the relator, in this proceeding, is entitled to have the writ of mandate issued against the mayor and city council, to compel them to make an appropriation for the purpose of paying his claim. It appears from the pleadings that the salary had been fixed at a certain sum per month, and on this point the court found as follows: "That the salary of the said relator, William D. Silvey, as captain of police, is and was the sum of $80 per month, payable on or about the first day of each and every month."

In the absence of any showing to the contrary, we must assume, because of this finding, that the salary was fixed in accordance with law and to be paid out of the funds of the city provided for that purpose.   The exact amount to be paid on or about the first day of each month having been thus determined, there was a sufficient appropriation, and nothing further in that line would seem to be necessary.   If the salary was not paid the fault must lie with some other officer of the municipality.

So far as appears from the record no appropriation, which the mayor and council could rightfully make would in any way affect the amount due the relator, and, therefore, the one now asked for would be useless.   Where the salary of a public officer has once been determined and fixed at a certain and definite sum, no other appropriation is required.   This court so held in *Kendall* v. *Raybould*, 13 Utah, 226, and upon the authority of that case the judgment herein must be reversed, with costs, and the cause remanded, with direction to the court below to dismiss the proceeding, without prejudice, and deny the writ.   It is so ordered.

MINER, J. and BASKIN, J., concurred.