(57 Misc. Rep. 57.)

PEOPLE ex rel. LAZARUS v. COLEMAN et al., Board of Fire Com'rs.

(Supreme Court, Trial Term, Chemung County. December 23, 1907.)

MUNICIPAL CORPORATIONS—FIRE DEPARTMENT—DISCHARGE OF MEMBER—REINSTATEMENT.

 Under Elmira City Charter, Laws 1894, p. 1458, c. 615, § 164, making it the duty of the board of fire commissioners to appoint a chief engineer and such assistant engineers as necessary, and providing that the chief engineer and an assistant engineer so appointed might hold their respective positions during good behavior or until the board by unanimous vote should decide that such chief engineer or assistant engineer was incompetent, but that in case of misconduct they might be removed by a majority of the board, where the first assistant engineer was removed and his office abolished, but by the same resolution of the fire commissioners another office was created having substantially the same duties, the changes being merely colorable, to permit the commissioners to remove occupants of that and other positions and substitute others, the first assistant engineer was entitled to reinstatement.

Mandamus by the people, on the relation of Elijah Lazarus, against William T. Coleman and others, constituting the board of fire commissioners of the city of Elmira. Order directed for the issuance of a peremptory writ.

H. H. Rockwell, for relator.
John F. Murtaugh, City Atty., for respondents.

COMAN, J. This is a proceeding by mandamus, instituted for the purpose of compelling the board of fire commissioners of the city of Elmira to restore the relator to duty as first assistant engineer of

the Elmira fire department and reinstate him in his said office or po-
sition of first assistant engineer. The motion for a writ of manda-
mus was made at Special Term and was denied. Thereupon the re-
lator appealed to the Appellate Division, Third Department, and the
order of the Special Term was reversed, and an alternative writ of
mandamus granted. People ex rel. Lazarus v. Coleman, 99 App.
Div. 88, 91 N. Y. Supp. 432. The respondents now raise the ques-
tion that the Appellate Division had no jurisdiction to grant the al-
ternative writ. This question seems to have been determined ad-
versely to the respondents in the case of People ex rel. Kavanagh
v. Grady, 20 App. Div. 27, 46 N. Y. Supp. 645. It would seem, also,
that the only way in which the respondents can raise this question
is by appeal from the order of the Appellate Division. In any event,
I do not feel at liberty to review this question at this time, as such
course would involve a review of the action of the appellate court in
this very proceeding.

This case was originally tried before Mr. Justice Lyon and a jury
at the Chemung Trial Term held in November, 1905, and resulted
in a disagreement of the jury. The case was submitted to this court
at this term upon the evidence taken upon the former hearing, under
a stipulation of the parties. I have carefully read and considered
the evidence in the case, and think that the following facts are clearly
established by the evidence:

On the 1st day of February, 1904, and for some time prior thereto,
the relator was a member of the fire department of the city of El-
mira, holding the position of first assistant engineer. At the time
in question there were also four other assistant chief engineers, des-
ignated, respectively, as second, third, fourth, and fifth assistant chief
engineers. Under the provisions of the city charter (Laws 1894, p.
1458, c. 615, § 164) as then in force it was the duty of the board of
fire commissioners to appoint a chief engineer and such assistant en-
gineers as said board might deem necessary, through whom said board
might promulgate all rules, regulations, and orders to the whole de-
partment, and who should have the immediate direction and control
of the said department, subject, however, at all times, to the rules,
regulations, and orders of said board, and to the orders of any mem-
ber thereof, provided the orders of any such single commissioner do
not conflict with the rules, regulations, and orders of said board then
in effect, and such chief engineer and assistant engineer and each fire-
man appointed in the manner aforesaid may hold his respective po-
sition during good behavior, or until said board by unanimous vote
shall decide such chief engineer, assistant engineer, or fireman to be
incompetent or inefficient and cause his removal; but in case of mis-
conduct on the part of such chief engineer or fireman, then he may
be removed by the decision of a majority of said board as hereinafter
provided, and in case said board, by reason of disagreement or other-
wise, should fail to appoint in the manner above specified such chief
engineer or necessary firemen, then a majority of such board may
nominate and, with the approval of the common council, by concur-
ring vote of at least two-thirds of the common council elected, may
appoint such chief engineer or firemen, and upon warrant of appoint-

ment duly filed shall appear the approval of the common council, properly certified by the clerk, and all such appointments shall have the same effect as though made by the unanimous action of the board as hereinabove provided. At a meeting of said board of fire commissioners, held January 22, 1904, the following resolutions were adopted:

"Resolved, that on and after February 1, 1904, the following officers, to wit, first assistant engineer and fifth assistant engineer, be, and the same are, hereby abolished."

"Resolved, that on and after February 1, 1904, there be and are hereby established the offices of first district chief and second district chief, who shall respectively have charge of that part of the city lying east of the Erie Railroad and that part lying west of the Erie Railroad. Further resolved, that the said district chiefs shall have immediate control of the men, horses, and apparatus in their respective districts, and shall, in the absence of the chief in their respective districts, perform all duties to be performed by said chief in said district, and shall, in the absence of the chief, have full command of fires in said district. Further resolved, that the clerk of the civil service commission be requested to hold an examination as soon as possible of applicants for said offices and certify a list of said applicants eligible for appointment by this board to said offices."

"Resolved, that the second assistant engineer, third assistant engineer, and fourth assistant engineer be known and designated as 'captains'; that in accordance with said change rule 4 of the rules of the Elmira fire department be stricken out, and the following inserted: 'Rule 4. The officers of the department shall be known and designated as follows: First—Chief. Second—First District Chief. Third—Second District Chief. Fourth—Captain.'"

It will be readily seen that the duties and powers of the district chiefs, as prescribed in the resolution quoted, are exactly such as would be appropriate to an assistant chief engineer. The district chiefs are to "have immediate control of the men, horses, and apparatus in their respective districts, and shall, in the absence of the chief in their respective districts, perform all duties to be performed by said chief in said district, and shall, in the absence of the chief, have full command of fires in said district." I do not see how the duties of assistant engineer could have been more succinctly and clearly defined than is done by this resolution. It is true that the resolution divides the city into two districts, and that the first district chief is given charge of that part of the city lying east of the Erie Railroad and the second district chief of that part lying west of the Erie Railroad; but this is merely a division of duties and powers between the assistants which the fire commissioners could have made under the authority of section 162 of the charter, without any pretense of abolishing the office of assistant chief engineer or changing the name of said office.

It is entirely clear to my mind, from the evidence in the case and from the resolutions of the fire commissioners, that no substantial change was made in the office or its duties, that the changes were merely colorable, and that they were made for the purpose of permitting the fire commissioners to remove some or all of the occupants on the positions in question and substitute others in their places. I am not greatly concerned with the motives which prompted the members of the board to take this action. It seems to me that, whether their motive was political or personal, or whether it was solely to improve the efficiency of the department, is wholly immaterial. How-

ever proper their motives, they must follow the forms provided by law for the removal of the relator, and not resort to subterfuges to accomplish such purpose. The purpose and effect of their action was to remove the relator from a petition to which he had been regularly appointed, and which he was entitled to hold during good behavior, without taking the steps required by the charter, and without giving him any notice or opportunity to defend himself, as provided by the civil service law and the rules promulgated thereunder. The law looks at the substance, and not at the form, and if, by such a proceeding as this, the relator and others similarly situated could be removed from positions which were supposed to be protected by the civil service provisions of the state Constitution and laws, such provisions would become a mere mockery.

It is idle to say that the relator has not been removed from his position. A copy of the resolution quoted was served upon him by the clerk of the board, accompanied by a letter of notification that his services as a member would not be required after February 1, 1904. He reported for duty to the chief engineer on the morning of February 1st, and was told that his services were no longer required, and his insignia of office were demanded and taken from him. All those things came to the knowledge of the board, and, if they did not expressly ratify them, they impliedly did so by their silence and inaction.

I therefore direct that an order be entered for the issuance of a peremptory writ of mandamus, requiring the respondents, and, if necessary, their successors in office, constituting the board of fire commissioners, to restore the relator to duty as first assistant engineer of the Elmira fire department and to reinstate him in his said office, with costs and disbursements to be taxed.

