[No. 10374. Department One. July 10, 1912.]

C. E. GILMUR, *Respondent*, v. THE CITY OF SEATTLE *et al.*, *Appellants*.[1]

MUNICIPAL CORPORATIONS—OFFICERS—CIVIL SERVICE—TITLE OF OFFICE—ORDINANCES. An ordinance renaming the different positions in a city department, and making the name correspond to the duties, does not affect the right of the incumbent to hold the position under the civil service rules, the duties remaining the same as before and he having taken the requisite examination before the passage of the renaming ordinance.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered February 26, 1912, upon findings in favor of the plaintiff, in an action for an injunction, after a trial to the court. Affirmed.

*James E. Bradford, Melvin S. Good,* and *W. F. Van Ruff,* for appellants.

*Preston & Thorgrimson* and *Sandford C. Rose,* for respondent.

PER CURIAM.—This is a bill in equity for a mandatory injunction, requiring the civil service commission of the city of Seattle to recognize the plaintiff as a legally constituted foreman of outside construction, to approve the salary roll of the lighting department of the city respecting his salary, and requiring the city to issue his salary warrants. There was a decree for the plaintiff. The defendants prosecute the appeal.

The appeal presents but one question, viz., is the respondent a foreman of outside construction work. The court found that, prior to April 1, 1905, the respondent was foreman of outside construction; that about that time his position, together with various other positions in the newly organized

[1]Reported in 124 Pac. 919.

lighting department, was placed under civil service; that Ordinance No. 12,113 was passed creating the position of "foreman of pole gang," such position being intended to cover the position then held by the respondent, to wit, that of foreman of outside construction; that in April, 1905, the respondent passed the requisite examination for the position he then held, and that he has ever since continued to occupy the position. The court further found that, in December, 1908, Ordinance No. 19,853 was passed renaming the different positions in the lighting department, which changed the name of the respondent's position to that of "foreman of outside construction;" that he has ever since been carried on the rolls of the city under the amended title; and that the civil service commission thereafter, and until September, 1911, checked the monthly pay rolls of the lighting department and forwarded them to the city comptroller, without objection to the respondent holding that position. These findings are abundantly sustained by the evidence. It is made clear that the purpose of the ordinance of 1908, in so far as it touched the respondent's rights, was to make the title of his position correspond with his duties. The appellant's contention is that the ordinance of 1908 created a new position to which the respondent could not lawfully be appointed without passing the civil service examination. This contention is not in harmony with the evidence. He passed the examination for the position, and when it was renamed he was not required to pass another examination. His duties remained the same after the passage of the second ordinance, and the title of his office is of no moment.

The decree is affirmed.