[No. 12241.   Department One.   December 30, 1914.]

THE STATE OF WASHINGTON, *on the Relation of C. E. Gilmur, Appellant,* v. THE CITY OF SEATTLE *et al., Respondents.*[1]

MUNICIPAL CORPORATIONS—OFFICERS—REMOVAL — CIVIL SERVICE— ABOLITION OF OFFICE—GOOD FAITH. An officer in the civil service of a city cannot be removed from office by an ordinance abolishing the office for the sole purpose of getting rid of the man, and immediately recreating the office and appointing another to the position; and repeated attempts to do this, after being enjoined from removing the officer, and while the duties of the office still exist and are performed by others, shows the bad faith of the city.

Appeal from a judgment of the superior court for King county, Albertson, J., entered May 14, 1914, dismissing mandamus proceedings to restore a city official to office, after a trial to the court. Reversed.

*Preston & Thorgrimson,* for appellant.

*James E. Bradford* and *William B. Allison,* for respondents.

[1]Reported in 145 Pac. 61.

MORRIS, J.—Subsequently to our decision in *Gilmur v. Seattle*, 69 Wash. 289, 124 Pac. 919, in which a decree enjoining Gilmur's removal from the office of foreman of outside construction in the lighting department of the city of Seattle was sustained, and with the evident purpose of circumventing the effect of that decision, the city passed an ordinance abolishing the position, and at the same time passed another ordinance recreating the same position, the latter ordinance to become effective immediately upon the going into effect of the ordinance abolishing the position. Gilmur thereupon commenced a second proceeding to prevent his removal, and the city was again enjoined from removing him from office. In furtherance of its evident design, the city, through its legislative department, again abolished the position filled by Gilmur and, on September 15, 1912, the day such last ordinance went into effect, Gilmur was notified that his services were no longer required. Gilmur subsequently sued out this writ of mandamus, seeking reinstatement and for a direction to the proper officials of the city to deliver to him warrants upon the general fund of the city for the amount of his salary up to the time of his reinstatement. The judgment of the lower court was adverse to Gilmur, and, it having so announced, the city again indicated the motive actuating it in this matter by passing another ordinance recreating the position that had been occupied by Gilmur. Nothing more need be said as to what the city was seeking to accomplish in all this maneuvering. It is too apparent to require discussion that, for some reason, the purpose was to abolish, not the position, but the incumbent. The position was created and filled under civil service regulation, and, as evidencing that it sought to get rid of the man but retain the office, it is shown that, during all this time, the duties of the office remained, and in order to properly carry on the work of the department, it was necessary for the head of the department to assign to this work men in the different classifications of the civil service but who, under the civil service

regulations, were not qualified. The work, however, remained and must be performed by some one. It is also shown that Gilmur has made repeated attempts to obtain permission to fill the position, and has at all times held himself ready and willing to act when called upon.

The purpose of the statutes creating and regulating civil service is to insure the continuance in public employment of faithful and competent officials without subjecting them to the vicissitudes of political strife. Statutes of this character are not intended to, nor do they, abridge the power of the city to abolish an office when its duties have ceased to exist, or to do any other act for the better or more economical administration of the city's affairs, when influenced by good motives and justifiable ends. *State ex rel. Voris v. Seattle*, 74 Wash. 199, 133 Pac. 11; 2 Dillon, Municipal Corporations, § 479. To abolish an office, with the sole purpose of getting rid of the man but not the office, is not an act of good faith, and to permit it would make civil service a farce. Having this in mind, it has been uniformly held that municipal authorities cannot obtain the sanction of the courts in seeking to exercise such a power. *Foster v. Hindley*, 72 Wash. 657, 131 Pac. 197; *State ex rel. Powell v. Fassett*, 69 Wash. 555, 125 Pac. 963; *State ex rel. Cole v. Coates*, 74 Wash. 35, 132 Pac. 727; *People ex rel. Hart v. La Grange*, 7 App. Div. 311, 40 N. Y. Supp. 1026; *Ingram v. Board of Street & Water Com'rs of Jersey City*, 63 N. J. L. 542, 43 Atl. 445; *Chicago v. Luthardt*, 191 Ill. 516, 61 N. E. 410; *Silvey v. Boyle*, 20 Utah 205, 57 Pac. 880; *Sutherland v. Board of Street & Water Com'rs of Jersey City*, 61 N. J. L. 436, 39 Atl. 710.

The judgment is reversed.

CROW, C. J., PARKER, CHADWICK, and GOSE, JJ., concur.