ANA MARÍA ROSARIO RODRÍGUEZ, Petitioner and Appellee, v. SERGIO CUEVAS BUSTAMANTE, COMMISSIONER OF THE INTERIOR OF PUERTO RICO, Respondent and Appellant; and VIRGINIA MEDÍN DE IGARAVÍDEZ, Respondent.

No. 8463. Argued May 7, 1942.—Decided May 29, 1942.

458

*George A. Malcolm, Attorney General,* and *A. E. Franco Cabrero, Deputy Attorney General,* for appellant. *R. Díaz Collazo* for appellee.

Mr. Justice Travieso delivered the opinion of the court.

In October 1935, the petitioner herein was filling the position of "stenographer" in the Division of Public Buildings of the Department of the Interior. In November of the same year, she was granted leave of absence without pay in order to work in the offices of the Puerto Rico Reconstruction administration, where she remained until October 4, 1939. The petitioner then notified the Department of the Interior that on the following day, October 5, 1939, she would return to her former position, and the Commissioner of the Interior replied that said position had been abolished by the Legislature in the General Appropriation Act for the year 1936–37, and that a new position had been created instead entitled "Secretary" in the same Division of Public Buildings.

While the petitioner worked for the P.R.R.A., her position as stenographer was held under a *temporary* appointment by respondent Virginia Medín de Igaravídez, whose appointment was extended several times. When the General Appropriation Act for 1937–38 became effective, Mrs. Igaravídez, who was still serving under the temporary appointment in the position of "stenographer," was appointed to the position of "Secretary" in the said division.

The petitioner filed a complaint with the Civil Service Commission which, after hearing the parties, held that the petitioner was entitled to be reinstated in her position as soon as she ceased as an employee of the P.R.R.A. and served notice on the respondent commissioner of her intention to return to work in his department.

It is alleged by the petitioner that notwithstanding the order of the Civil Service Commission directing the reinstatement of the petitioner, the defendant arbitrarily refused to comply therewith.

In her application filed in the District Court of San Juan, the petitioner prayed for the issuance of a writ of mandamus directed to the Commissioner of the Interior, commanding him to reinstate the plaintiff and allow her to discharge the duties of her position as stenographer and ordering him further to authorize the vouchers covering the salaries of the petitioner from October 5, 1939, to the date of her reinstatement in said position.

The respondents filed a demurrer for insufficiency of the petition, and the Commissioner of the Interior filed an answer in which he pleaded the following defenses:

(a) That the position of "stenographer" had been abolished and in its place there was created a new position of "secretary"; and that although the duties of both positions are in many respects identical, there are, however, certain fundamental differences which distinguish the two positions.

(b) That at the expiration of the first six months of leave without pay, allowed by the Civil Service Commission, the petitioner ceased as an employee of the People of Puerto Rico because of her failure to return to her position as stenographer and to discharge the duties thereof for more than three consecutive months.

(c) That the position of "stenographer" which the petitioner had held was abolished by legislative action and that there was created in lieu thereof, the position of "secretary" to which defendant Mrs. Igaravídez was permanently appointed on July 1, 1937, from a list of candidates submitted by the Civil Service Commission.

(d) That the decision rendered by the Civil Service Commission on March 12, 1940, is void "because said commission

had acted improperly in declaring that the petitioner had enjoyed the status of an employee on leave without pay during the four years that she worked for the P.R.R.A., whereas the rules of the commission itself limit the granting of leave without pay only for a period of six months; and that for the same reasons the order of reinstatement of April 17, 1940, is void and *ultra vires*.

After the demurrer had been overruled, the parties agreed that the petitioner and the commissioner would submit the case on a statement of facts and that respondent Mrs. Igaravídez would be allowed until January 20, 1941, to file an answer to the petition. That answer contained the same defenses set up by the respondent commissioner, and it was specially alleged therein that the petitioner was granted upon request a single original leave of absence for six months and "never requested nor obtained afterward any renewal or extension of said leave of absence."

On September 17, 1941, the District Court of San Juan rendered a judgment whereby the Commissioner of the Interior was ordered to reinstate the petitioner and to allow her to discharge the duties of her position as Secretary of the Division of Public Buildings. The respondent commissioner took an appeal to this court. The record fails to show whether respondent Virginia M. Igaravídez has appealed.

We shall now proceed to consider the several questions involved in this case.

■ Was the Civil Service Commission empowered to grant to the petitioner leave without pay in any calendar year for a longer period than six months?

Subdivision 10 of Rule XXXIX of the Civil Service Commission as amended on May 23, 1935, provides as follows:

"Absence from duty except as authorized under this rule shall be without pay and shall not exceed six months in the aggregate in any calendar year; *Provided,* that a further extension as may be

strictly required will be allowed where illness or physical impediment of the employee or a contagious disease in his family or household, duly certified to by a physician of good repute, will be the cause for protracted absence from duty; . . . . . ''

On June 9, 1936, the Civil Service Commission in the exercise of the power conferred upon it by Rule IV of its Rules to adopt regulations prescribing the procedure to be followed in administering said rules and to amend the same, adopted ruling No. 36 construing the scope of the limitation of the period of leave of absence prescribed in subdivision 10 of Rule XXXIX, *supra*. Said ruling was adopted when granting the applications for additional extensions of leaves of absence without pay filed by three permanent employees of the Insular Government to enable them to continue their technical collaboration with the P.R.R.A. The commission said:

'' . . . . (1) the limitation prescribed in subdivision 10 of Civil Service Rule XXXIX sought to prevent classified permanent employees of the Insular Government from practically abandoning their positions although retaining the same as titular employees so as to enjoy indefinite leave of absence or to fill private employment or employment outside the Insular Government either on trial or for the purpose of receiving greater compensation; (2) that the employees involved herein are not going to either enjoy leave of absence or fill positions foreign to the public administration but will render their services in official organizations of either the Federal or the Insular Governments for the benefit of both or of the general public interest of the People of Puerto Rico; (3) that for that reason the Commission thinks that the subdivision in question is not applicable to the case under consideration, since the latter does not conflict therewith nor does it defeat the purpose which gave rise to such limitation and, therefore, the additional leave of absence without pay is justified by the emergency and the merits of the case.''

We think that the Civil Service Commission acted within the scope of its powers when extending the leave of absence granted to the petitioner in order to render her services to the P.R.R.A.

■ The appellant maintains that it does not appear from the record that the petitioner has requested and obtained from the commission the alleged extensions, and that the petitioner forfeited her status as stenographer at the expiration of the six months leave of absence originally granted to her. This contention is without merit. From the ruling of the commission of March 12, 1940, which was submitted in evidence as a part of the statement of facts stipulated by the parties it appears that, on November 20, 1935, the Commissioner of the Interior sought from the commission authority for the temporary appointment of Virginia M. Igaravídez as stenographer, at a salary of $1,200 annually, "to work during the absence of Ana María Rosario, a regular employee, on leave without pay." That appointment was approved on the 21st of the same month, on the same terms in which it was submitted, and it was renewed on similar terms, pursuant to semiannual applications from the Commissioner of the Interior, the last of such extensions having been approved on March 5, 1937.

We hold that the applications from the Commissioner of the Interior to the Civil Service Commission to enable Mrs. Igaravídez to continue working during the absence of the petitioner had the legal effect of an extension of the leave of absence and of preserving the legal status of the petitioner as "a regular employee absent on leave without pay." and that it was not an essential requisite for the petitioner herself to apply for the extension of her leave of absence.

■ Having decided, therefore, that on July 1, 1937, when the General Appropriation Act for 1937–38 became effective, the petitioner had the status of "a regular employee absent on leave without pay," we must now consider and determine whether the position of "stenographer" held by the petitioner was abolished by said general appropriation act, by the mere fact of a change in the title of "stenographer," which was substituted by that of "secretary."

The Civil Service Commission considered and decided that question as follows:

"The classification record of Ana María Rosario which is on file in our office, specifies in detail the duties that she discharged while she held said position of stenographer. On the basis of such duties her position was classified in the Classification Manual of the Classified Civil Service, approved by the Civil Service Commission on June 10, 1936, as first office stenographer (215-6), the duties to be performed by her being identical with those described in the second paragraph under 'Example of work performed' as specified in the corresponding class and which reads as follows:

" 'To serve as secretarial clerk to the head of a moderately large office or station; independently, to relieve him of important details; to take and transcribe technical dictation of more than average difficulty; to keep minutes of meetings; to compose correspondence, reports and memoranda, involving and understanding of office procedure or policy with more or less independence; independently, to find, assemble, and summarize information and data for executive action; to interview callers and arrange for appointments and conferences.'

"From the classification record of Virginia Medín de Igaravidez, with a description of the duties and responsibilities of the position, which was forwarded to the Commission on September 20, 1939, it appears that the duties and responsibilities of the position tally almost entirely with the duties and responsibilities of the position of stenographer filled by Ana María Rosario.

"This position was classified also by the Civil Service Commission of Puerto Rico, under number 215-6, that is, identical with the position of stenographer formerly existing and to which we have referred.

"The position of secretary, as created in the General Appropriation Act already mentioned, and which is held by Virginia Medín de Igaravidez, is identical with the position of stenographer which existed in the General Appropriation Acts for 1935, 1936, and 1937, and which was held permanently by Ana María Rosario and temporarily by Virginia Medín de Igaravídez."

The classification records of the petitioner and of the respondent, submitted in evidence, uphold the conclusion of the commission and the judgment of the lower court. The

duties of the position of "stenographer" and those of the position of "secretary" are identical. This is shown by the fact that when the Civil Service Commission certified eligibles for the position of "secretary" it selected the same from the register of eligibles for the position of stenographer.

According to the decisions, a mere change of name is not sufficient in itself to create a new office and to abolish the one formerly existing. Where an office is abolished and another one is immediately created with a different title, but with the same duties as the former office, the courts will protect the injured officer, on the ground that the change has been made for the purpose of evading the civil service laws. *People* v. *La Grande,* 7 App. Div. 311, 40 N. Y. Supp. 1026; *People* v. *Copleman,* 57 Misc. 57, 107 N. Y. Supp. 957; *State* v. *Seattle,* 83 Wash. 91, 145 P. 61; *State* v. *Powell,* (Ohio) 142 N. E. 401; *Allen* v. *U. S. Fidelity & G. Co.,* 109 N. E. 1035.

In *State* v. *Seattle, supra,* where the facts were similar to those of the case at bar, the court, when issuing a writ of mandamus ordering the reinstatement of the employee, said:

"The purpose of the statutes creating and regulating civil service is to insure the continuance in public employment of faithful and competent officials without subjecting them to the vicissitudes of political strife. Statutes of this character are not intended to, nor do they, abridge the power of the city to abolish an office when its duties have ceased to exist, or to do any other act for the better or more economical administration of the city's affairs, when influenced by good motives and justifiable ends. (Authorities). To abolish an office, with the sole purpose of getting rid of the man but not the office, is not an act of good faith, and to permit it would make civil service a farce. Having this in mind, it has been uniformly held that municipal authorities cannot obtain the sanction of the courts in seeking to exercise such a power (citing authorities)".

For the reasons stated the judgment appealed from must be affirmed.