470

Ana María Rosario Rodríguez, peticionaria y apelada, *v.* Sergio Cuevas Bustamante, en su carácter de Comisionado del Interior de Puerto Rico y Virginia Medín de Igaravídez, demandados y apelante el primero.

Núm. 8463.—*Sometido:* Mayo 7, 1942. *Resuelto:* Mayo 29, 1942.

*Hon. Procurador General George A. Malcolm* y *A. E. Franco Cabrero, Procurador Auxiliar,* abogados del apelante; *R. Díaz Collazo,* abogado de la apelada.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

En el mes de octubre de 1935, la peticionaria ocupaba el cargo de "taquígrafa" de la División de Edificios Públicos

del Departamento del Interior. En noviembre del mismo año se le concedió licencia sin sueldo para trabajar en las oficinas de la Puerto Rico Reconstruction Administration, en donde permaneció hasta octubre 4 de 1939. La peticionaria notificó en seguida al Departamento del Interior, que al día siguiente, octubre 5, 1939, se reincorporaría a su antiguo cargo y el Comisionado del Interior le contestó que el cargo había sido abolido por la Legislatura en la ley de Presupuesto del año 1936–37, creándose en su lugar una nueva plaza denominada "Secretaria", en la misma División de Edificios Públicos.

Durante el tiempo que la peticionaria estuvo empleada en la P.R.R.A., su puesto de taquígrafa fué ocupado, con carácter de "temporera", por la demandada Virginia Medín de Igaravídez, cuyo nombramiento fué prorrogado en varias ocasiones. Al empezar a regir la Ley de Presupuesto para 1937–38, la señora Igaravídez, quien ocupaba aun interinamente el cargo de "taquígrafa", pasó a ocupar el de "Secretaria" en la mencionada división.

La peticionaria radicó una querella ante la Comisión de Servicio Civil y ésta, después de oír a las partes, decidió que la peticionaria tenía derecho a ser restituída en su puesto desde el momento en que cesó de prestar sus servicios a la P.R.R.A. y notificó al Comisionado demandado su intención de reintegrarse al servicio de su departamento.

Alega la peticionaria que no obstante haber sido requerido, por orden de la Comisión de Servicio Civil, para que restituyera a la peticionaria en su puesto, el demandado se ha negado arbitrariamente a hacerlo.

En su solicitud radicada ante la Corte de Distrito de San Juan, la peticionaria solicitó se dictara auto de *mandamus* dirigido al Comisionado del Interior, ordenándole dar posesión y permitir a la demandante desempeñar las funciones de su empleo como taquígrafa y ordenándole además expedir las nóminas correspondientes a los sueldos de la peticiona-

ria, desde octubre 5, 1939 hasta la fecha en que se le dé posesión del cargo.

Los demandados formularon excepción previa, basada en la alegada insuficiencia de la petición; y el Comisionado del Interior radicó una contestación en la que interpuso como defensas:

(*a*) Que el cargo de "taquígrafa" fué abolido, creándose en su lugar un nuevo cargo de "secretaria"; y que aun cuando los deberes de ambos cargos son en muchos casos idénticos, sin embargo, existen algunas diferencias fundamentales que hacen que los cargos sean distintos.

(*b*) Que después de vencer los primeros seis meses de licencia sin sueldo concedídale por la Comisión de Servicio Civil, la peticionaria cesó como empleada del Pueblo de Puerto Rico al no reintegrarse en su cargo de taquígrafa y al dejar de desempeñar los deberes del mismos por más de tres meses consecutivos.

(*c*) Que el cargo de "taquígrafa" que ocupaba la peticionaria fué abolido por acción legislativa, creándose en su lugar la plaza de "secretaria", para la cual fué nombrada, mediante terna propuesta por la Comisión de Servicio Civil, la demandada Sra. Igaravídez, en julio 1º, 1937, con carácter permanente.

(*d*) Que la resolución dictada por la Comisión de Servicio Civil en marzo 12, 1940 es nula, "por cuanto dicha comisión actuó ilegalmente al declarar que había existido un estado de licencia sin sueldo durante todo el período de cuatro años que la peticionaria trabajó en la P.R.R.A.", mientras que los reglamentos de la propia comisión limitan las licencias sin sueldo a un período de seis meses exclusivamente; y que por los mismos motivos la orden de reposición de abril 17, 1940 es nula y *ultra vires*.

Desestimadas las excepciones previas, las partes convinieron en que la demandante y el comisionado someterían el caso mediante una relación de hechos, y que la demandada

Sra. Igaravídez tendría hasta enero 20, 1941 para contestar la petición. La contestación de dicha demandada contiene las mismas defensas interpuestas por el comisionado demandado, y en ella se alega especialmente que la peticionaria solicitó y obtuvo una sola licencia original por un período de seis meses y "nunca solicitó ni obtuvo después, renovación, extensión o prórroga de dicha licencia".

En septiembre 17 de 1941 la Corte de Distrito de San Juan dictó sentencia por la que se ordenó al Comisionado del Interior que diera posesión y permitiera a la peticionaria desempeñar las funciones de su empleo como Secretaria de la División de Edificios Públicos. Apeló el comisionado demandado, para ante esta Corte Suprema. Del récord no aparece que la demandada Virginia M. de Igaravídez haya interpuesto recurso alguno.

Consideraremos ahora las varias cuestiones envueltas en el caso.

■ ¿Tenía la Comisión de Servicio Civil facultad para conceder a la peticionaria licencia sin sueldo, en cualquier año natural, por un período mayor de seis meses?

La regla XXXIX del Reglamento de la Comisión de Servicio Civil, según fué enmendada en mayo 23 de 1935, dispone en su apartado 10 lo siguiente:

"La licencia, con excepción de lo que esta regla autoriza, será sin sueldo y no excederá de un total de seis meses en cualquier año natural; *Disponiéndose,* que una prórroga que pueda ser estrictamente requerida, será concedida cuando la enfermedad o el impedimento físico del empleado o una enfermedad contagiosa en su familia o en su hogar, debidamente certificado este hecho por un médico de buena reputación, sea la causa para una prolongada ausencia del servicio."

En junio 9 de 1936, la Comisión de Servicio Civil, en el ejercicio de la facultad que le concede la Regla IV de su reglamento, para adoptar disposiciones fijando el procedimiento a seguir en la administración de las reglas y para enmendar éstas, adoptó el acuerdo núm. 36, por el cual interpretó el

alcance de la limitación del período de licencia prescrito en el apartado 10 de la Regla XXXIX, supra. Dicho acuerdo fué tomado al resolver favorablemente las solicitudes de prórrogas adicionales de licencias sin sueldos formuladas por tres empleados permanentes del Gobierno Insular, para poder continuar su colaboración técnica en la P.R.R.A.. La comisión se expresó así:

". . . (1) la limitación prescrita en el apartado 10 de la Regla XXXIX de Servicio Civil tuvo por origen el evitar que empleados permanentes clasificados del Gobierno Insular abandonaran sus cargos en la práctica aunque reteniéndolos por virtud de ser empleados en propiedad, con el propósito de disfrutar de licencia ilimitada o de dedicarse a empleos privados o ajenos al Gobierno Insular como vía de prueba o con el propósito de obtener mayor remuneración; (2) que los empleados de referencia en este caso no van a disfrutar de licencia ni a ocupar cargos ajenos a la administración pública, sino que prestarán sus servicios en organismos oficiales de los gobiernos Federal e Insular, en beneficio de ambos y de los intereses públicos generales del Pueblo de Puerto Rico; (3) que la Comisión por tal motivo entiende que dicho apartado no es aplicable al caso de referencia en cuanto que no conflige éste ni infringe el propósito que originara dicha limitación, por lo que la licencia sin sueldo adicional está justificada por la emergencia y los méritos del caso."

Opinamos que la Comisión de Servicio Civil actuó dentro del límite de sus facultades al prorrogar la licencia concedida a la peticionaria para poder prestar sus servicios a la P.R.R.A.

■ Sostiene el apelante que del récord no aparece que la peticionaria solicitase y la comisión le concediese las alegadas prórrogas y que la peticionaria perdió su *status* como taquígrafa al expirar los seis meses de licencia que le fueron concedidos originalmente. Esta contención carece de méritos. De la resolución de la comisión de marzo 12, 1940, ofrecida en evidencia como parte de la relación de hechos estipulados por las partes, aparece que en noviembre 20, 1935 el Comisionado del Interior solicitó de la comisión autorización para el nombramiento temporero de Virginia M. de Iga-

ravídez, como taquígrafa, con sueldo de $1,200 anuales "para actuar durante la ausencia de Ana María Rosario, empleada regular en licencia sin sueldo". El nombramiento fué aprobado el 21 del mismo mes, en los mismos términos en que fué propuesto y fué renovado en las mismas condiciones, mediante solicitudes semestrales del Comisionado del Interior, habiéndose aprobado la última prórroga en marzo 5, 1937.

Resolvemos que las solicitudes hechas por el Comisionado del Interior a la Comisión de Servicio Civil, para que la Sra. Igaravídez pudiera continuar actuando durante la ausencia de la peticionaria, tuvieron el efecto legal de prorrogar la licencia y de mantener vivo el status legal de la peticionaria como "empleada regular en licencia sin sueldo", y que no era requisito esencial que la peticionaria solicitase también la prórroga de su licencia.

■■ Resuelto, pues, que en julio 1°., 1937, fecha en que empezó a regir el presupuesto de 1937–38, la peticionaria tenía el *status* de "empleada regular en licencia sin sueldo", debemos considerar y resolver ahora si el cargo de "taquígrafa" que ocupaba la peticionaria fué abolido por dicho presupuesto por el simple hecho de haber cambiado la denominación de "taquígrafa", sustituyéndola por la de "secretaria".

La Comisión de Servicio Civil consideró y resolvió la cuestión así:

"La hoja de clasificación que aparece en nuestros archivos, de Ana María Rosario, contiene un detalle de los deberes que correspondían a la empleada mencionada cuando ocupaba dicha plaza de taquígrafa. A base de dichos deberes, fué clasificada la plaza en el Manual de Clasificaciones del Servicio Civil Clasificado aprobado por la Comisión de Servicio Civil en junio 10, 1936, como primer oficinista taquígrafo (215–6), siendo los trabajos que ella realizaba igual a los que aparecen descritos en el segundo párrafo de los ejemplos del trabajo a ejecutar en la especificación de clase correspondiente y el cual lee como sigue:

" 'Servir como oficinista-secretario al jefe de una oficina o estación moderadamente grande; independientemente, relevarle de detalles importantes; tomar y transcribir dictados sobre asuntos técnicos de dificultado poco común; llevar actas de reuniones; preparar correspondencia, informes y memoranda, implicando una comprensión del procedimiento y las normas de oficina, con más o menos libertad; independientemente buscar, reunir y resumir información y datos para acción ejecutiva; entrevistar visitantes y hacer arreglos para entrevistas y conferencias.'

"Del pliego de clasificación de Virginia Medín de Igaravídez, en la descripción de los deberes y responsabilidades de la plaza el cual fué enviado a la Comisión en septiembre 20 de 1939, aparece que los deberes y responsabilidades de la plaza concuerdan casi en su totalidad con los deberes y responsabilidades de la plaza de taquígrafa que desempeñaba Ana María Rosario.

"Esta plaza fué clasificada también por la Comisión de Servicio Civil de Puerto Rico, bajo el número 215-6, o sea, igual al de la plaza de taquígrafa que existía anteriormente y a la cual hemos hecho referencia.

"El cargo de secretaria según fué establecido en la Ley de Presupuesto a que hemos hecho referencia y que ocupa la Sra. Virginia Medín de Igaravídez, es el mismo que el cargo de taquígrafa que existía bajo la ley de presupuesto de los años 1935, 1936 y 1937 que ocupaba permanentemente Ana María Rosario y temporeramente Virginia Medín de Igaravídez."

Los pliegos de clasificación de la peticionaria y de la demandada, presentados en evidencia, sostienen la conclusión de la comisión y el fallo de la corte inferior. Las obligaciones del cargo de "taquígrafa" y las del cargo designado como "secretaria" son idénticas. Prueba de ello es que cuando la Comisión de Servicio Civil certificó nombres para el puesto de "secretaria" los tomó del registro de elegibles para el empleo de taquígrafo.

La jurisprudencia sostiene que un mero cambio de nombre no es por sí solo suficiente para crear un nuevo cargo y abolir el que existía anteriormente. Cuando se suprime un cargo y en seguida se crea otro bajo una nueva designación, pero con iguales deberes que el anterior, las cortes amparan

al funcionario perjudicado, por entender que el cambio se ha hecho con el propósito de evadir las leyes del Servicio Civil. *People* v. *La Grange,* 7 App. Div. 311, 40 N. Y. Supp. 1026; *People* v. *Coleman,* 57 Misc. 57, 107 N. Y. Supp. 957; *State* v. *Seattle,* 83 Wash. 91, 145 P. 61; *State* v. *Powell,* (Ohio) 142 N. E. 401; *Allen* v. *U. S. Fidelity & G. Co.,* 109 N. E. 1035.

En *State* v. *Seattle,* supra, en el que los hechos eran parecidos a los del caso de autos, la corte, al expedir el auto de mandamus ordenando la reposición del empleado, se expresó así:

"El propósito de los estatutos que crean y regulan el Servicio Civil es asegurar la continuación en el servicio público de funcionarios fieles y competentes, sin dejarlos expuestos a las vicisitudes de las luchas políticas. Estatutos de este carácter no tienen la intención de limitar, ni limitan, el poder de la ciudad para abolir un puesto cuando sus deberes han dejado de existir, ni para realizar cualquier otro acto para la mejor o mayor administración económica de los asuntos municipales, cuando se hace bajo la influencia de buenos motivos y para fines justificables. (Citas).

"La abolición de un puesto, con el solo propósito de deshacerse del hombre pero no del puesto, no es un acto de buena fe, y si se permitiese convertiría el Servicio Civil en una farsa. Teniendo esto en mente, se ha sostenido uniformemente que las autoridades municipales no pueden conseguir la sanción de las cortes al tratar de ejercitar tal poder. (Citas)."

*Por las razones expuestas debe confirmarse la sentencia recurrida.*