Luis Colón Medina, Petitioner and Appellee, *v.* Santiago Iglesias, Jr., Acting Commissioner of Labor, Respondent and Appellant.

No. 9000. Argued December 11, 1945.—Decided April 20, 1945.

*Jesús A. González, Acting Attorney General, Fernando B. Fornaris* and *G. Benítez Gautier, Assistant Attorneys General,* for appellant. *René Benítez* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

In the petition filed in the District Court of San Juan it is alleged that on April 22, 1936, the petitioner was permanently appointed to the position of "Inspector of Industrial Hygiene and Safety" of the Department of Labor within the Classified Civil Service; that on June 22, 1942, the respondent informed the petitioner that beginning June 30th the petitioner would cease in his position, inasmuch as said position did not appear in the General Appropriation Act for the year 1942–43; that, although the position held by the petitioner was not included in the Budget Act, said Act provided for an increase in the item set forth in the preceding budget. for the positions of "District Supervisors" and created 15 additional positions with that same designation; that the duties, responsibilities, and powers pertaining to the position formerly held by the petitioner are identical with those assigned to the new positions of district supervisors; that the abolition of the position held by the petitioner was made for the purpose of evading the civil service laws and regulations; that even if the new positions were not identical with the one held by the petitioner, the latter is entitled to be reinstated and appointed as District Supervisor, in accordance with the provisions of the Civil Service

Law; that on July 7, 1942, the petitioner addressed a communication to the Commissioner of Labor, requesting that petitioner be appointed to one of the new positions and the Commissioner then refused, and still refuses, to grant such request; and that the petitioner has been deprived of the salary corresponding to the position from which he has been illegally separated. The petitioner prayed for the issuance of a writ of mandamus commanding the Commissioner to forthwith appoint the petitioner to the office of District Supervisor and to issue the corresponding pay rolls for the period from June 30, 1942, to the date on which the petitioner shall have taken charge of his new position.

An alternative writ having been issued, the respondent appeared and filed an answer in which he specifically denied, for lack of information, the essential averments of the petition. As special defenses, he alleged (a) that the duties of the position formerly held by the petitioner were wholly different from those of the new positions of district supervisors; (b) that the petitioner had been separated from his position by legislative action, upon the failure to include in the General Appropriation Act the position formerly held by him; (c) that the petition did not state facts sufficient to enable the court to exercise its jurisdiction, inasmuch as it was not alleged that the petitioner had taken and passed the examination required by law for his inclusion within the Classified Civil Service; and (d) that the court should not intervene until the petitioner had exhausted all the remedies granted to him by the Civil Service Law.

The Commissioner of Labor has appealed from a judgment whereby he was ordered to install the petitioner in the position of District Supervisor, and to pay costs.

The appellant urges that the lower court erred in holding that the abolition of the positions of Supervisors of Industrial Hygiene and Safety, the creation of the additional positions of district supervisors, and the appointment

of temporary employees to said new positions, constitute an unlawful removal of the petitioner.

The evidence admitted by the lower court shows beyond all doubt that the petitioner was permanently appointed to the position of Inspector of Industrial Hygiene and Safety, after having passed the examination required by law; and that at the time of the hearing in this case, the new positions of district supervisors were filled by temporary employees who had been appointed on July 1, 1942, the date on which the General Appropriation Act for the year 1942-43 went into effect.

The petitioner testified that the work performed by him as Inspector of Industrial Hygiene and Safety consisted of investigating construction works and commercial and industrial establishments, in order to see that the employers complied with the laws relating to scaffolds, hours of labor and wages, and other laws enacted for the protection of the workmen; that during August and September 1941, he was in Ponce, acting as District Supervisor, and that the work which he performed as such supervisor was identical with the one he used to perform in the permanent position formerly occupied by him. The copies of the daily reports submittted by the petitioner, as Inspector of Industrial Hygiene and Safety, and by the new district supervisors clearly establish the identity of the functions performed by all. The witness Tomás Medina Benet, Director of the Industrial Supervision Service, stated that the work now done by the new district supervisors is the same as the one formerly performed by the inspectors of industrial hygiene and safety, that is, to watch for the observance of the labor laws. The witness Nicolás Lecároz, Assistant Commissioner of Labor, made efforts to establish differences between the functions pertaining to each group of positions; but he concluded by admitting that those which were formerly assigned to the inspectors of industrial hygiene and safety are now per-

formed by the district supervisors, who exercise some additional functions of lesser importance.

After a careful examination of the whole evidence, we are of the opinion that the lower court did not err in holding that the duties of the abolished positions and those of the newly created positions are identical, since all of them lead to the same purpose, which is the safeguarding of the rights of the workmen and the observance of the statutes enacted for their protection. We agree with the lower court that if a person has the necessary qualifications for determining whether the sanitary and industrial safety laws have been complied with, such a person must be qualified to investigate easier questions, such as whether workmen are working more than 8 hours, whether they receive the legal minimum wage, or whether minors are employed contrary to law. See *Ackerman* v. *Kern,* 22 N. E. (2d) 247.

Having reached the conclusion that the difference between the abolished position and the newly created one lies in the titles thereof rather than in the functions, duties, and powers of each, it remains for us to consider and decide what right, if any, has the petitioner to be preferentially appointed to one of the new positions of district supervisors.

Section 18 of the Civil Service Law of Puerto Rico provides that "Whenever any employee in the classified service who has been performing his duties in a satisfactory manner, . . . is discontinued because of lack of funds, . . . and is ready to report for duty when a position is open, . . . or has been separated for any other reason without delinquency or misconduct, may, with the consent of the Civil Service Commission and the department under whose jurisdiction he was employed, have his name placed on the re-employment list for the appropriate class for future re-employment when vacancies in the class occur." Section 22 of the same Act provides that "Whenever a position in the classified service becomes vacant, the appointing authority, if he desires to

fill the vacancy, shall make requisition for eligibles from the Civil Service Commission''; and that ''the Commission shall certify not more than the highest three names on the appropriate re-employment list for the class for which the vacant position has been allocated and who are willing to accept employment.'' It is only when there is no re-employment list that the Commission may certify the names of persons on the employment list established for such class. Section 24 of the Act provides that only if necessary to prevent the stoppage of public business or inconvenience to the public but not otherwise, the Commission may authorize the making of temporary appointments, ''pending the establishment of a re-employment or employment list.''

This court in several decisions has acknowledged and upheld the right of every employee within the Classified Civil Service not to be separated from the service on the pretext of the existence of a provision in the Budget changing the title of the position theretofore held by him. *Géigel Polanco* v. *Rivera, Commissioner*, 48 P.R.R. 120; *Rosario* v. *Cuevas, Commissioner*, 60 P.R.R. 457; *Cruz* v. *Buscaglia*, 61 P.R.R. 713.

In *People* v. *Williams*, 107 N.E. 49, the Court of Appeals of New York, in affirming an order granting a writ of mandamus to compel the reinstatement of an employee, speaking through Judge Cardozo said:

''. . . . . Rule 19 of the municipal civil service commission provides that when the termination of employment is due to a reduction of force, the person affected, if he has been employed for a longer period than one month, 'shall be deemed to be suspended from such employment, and shall be registered upon a preferred list for reinstatement, if this services be again required.' We think that if a new position, similar to the relator's, was created at the same time that the relator's was abolished, the commissioner was required, in filling the new position, to prefer the relator over others. The law will not permit him, for the purpose of ousting the relator and installing some one else to reduce the positions with one hand and increase them with the other.''

In the instant case there is not involved a reduction in the number of employees but a mere change in the title of a position occupied by a permanent employee and the creation of 15 new positions having the same duties, powers, and responsibilities as the former position. The fundamental purpose of the civil service laws is to insure the continuance in public employment of faithful and competent officials without subjecting them to the risk of being separated from their positions without just and sufficient cause, and of being replaced by other persons in obedience to the demands of politics. We have already held in *Rosario* v. *Cuevas, Commissioner, supra,* that where an office is abolished and another one is immediately created with a different title, but with the same duties as the former office, the courts will protect the officer or employee affected. *State* v. *Seattle,* 83 Washington 91, 145 Pac. 61.

The judgment appealed from should be affirmed.