Domingo Centeno Rivera, demandante y recurrente, *v.* Hilda Pacheco de Algarín, Alcaldesa de Juncos, demandada y recurrida.

*Número:* R-66-233    *Resuelto:* 17 de mayo de 1967

*Francisco Serrano Ramírez,* abogado del recurrente; *Oscar R. Brizzie,* abogado de la recurrida.

Sala Segunda integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Santana Becerra y Dávila.

El Juez Asociado Señor Santana Becerra emitió la opinión del Tribunal.

El 22 de julio de 1965 el recurrente interpuso recurso de *mandamus* en la Sala de Caguas del Tribunal Superior contra la Alcaldesa de Juncos, para que se le ordenara reponerlo en su puesto en el gobierno municipal de Juncos. Se alegó en la petición que en 10 de enero de 1965, al tomar posesión de un nuevo término, la Alcaldesa reelecta suspendió al peticionario y nombró en su lugar arbitrariamente a otra persona, actuando la Alcaldesa bajo el supuesto que el peticiona-

rio era un funcionario del municipio cuya incumbencia cesaba con la del Alcalde.

El punto no ha sido suscitado por las partes, pero siendo uno que envuelve la jurisdicción y facultad de la Sala de instancia para considerar y resolver esta controversia, debemos decir que el Art. 95 de la Ley Municipal de 1960, Ley Núm. 142 de 21 de julio de 1960, según fue enmendado por la Ley Núm. 114 de 27 de junio de 1964, dispone que el Tribunal Superior de Puerto Rico tendrá jurisdicción, a instancia de parte perjudicada: (a) para revisar y anular cualquier acto legislativo o administrativo de la Asamblea Municipal, de la Junta de Subasta, del Alcalde o de cualquier funcionario del municipio que lesiones derechos constitucionales de los querellantes o sea contrario a las leyes de Puerto Rico; (b) para suspender la ejecución de cualquier ordenanza, acuerdo, resolución u orden de la Asamblea Municipal, de la Junta de Subasta, del Alcalde y de cualquier funcionario del municipio que lesione derechos garantizados por la Constitución del Estado Libre Asociado de Puerto Rico o por las leyes estatales; (c) para compeler el cumplimiento de deberes ministeriales por los funcionarios de los municipios; (d) . . . . Dispone este artículo que en los dos primeros casos (a) y (b), sólo podrá establecerse la correspondiente demanda por la parte perjudicada dentro del plazo de veinte días a contar de la fecha en que el acto ejecutivo o administrativo haya sido realizado o que la ordenanza, resolución, acuerdo u orden hayan sido promulgados o comunicados a la parte querellante; a menos que se disponga otra cosa por ley.

El término de veinte días anteriormente mencionado es claramente un período de caducidad, cf. *Eisele* v. *Orcasitas*, 85 D.P.R. 89 (1962), que no solamente compete a la parte interesada invocarlo sino que es función del tribunal hacerlo valer a instancia propia. Bajo la revisión judicial que conceden los apartados (a) y (b) antes transcritos, la ac-

ción en este caso ya había caducado al ser interpuesta la demanda. Sólo podría sostenerse el uso de jurisdicción si concluimos que en este caso se trata de compeler al cumplimiento de deberes ministeriales por parte de la Alcaldesa demandada, bajo el apartado (c) anterior.

El récord demuestra que el recurrente fue nombrado el 10 de enero de 1961, fecha en que tomó posesión la nueva Administración Municipal electa, en un empleo de Inspector de Obras Públicas del Municipio de Juncos, con sueldo de $150 mensuales. En 16 de noviembre de 1962 se aprobó por la Asamblea Municipal de Juncos la Ordenanza Núm. 28 que abolió el empleo existente durante años de Inspector de Obras Públicas y creó el cargo de Funcionario Administrativo denominado Director de Obras Públicas como un cargo de confianza del Alcalde incumbente para una eficiente administración. Dispuso que las funciones de dicho cargo serían la supervisión de la construcción, reconstrucción y reparación, así como el mantenimiento de todas las obras públicas municipales, y que la persona que lo desempeñara debía ser persona con experiencia en la supervisión de construcción, reconstrucción, reparación y mantenimiento de obras, y además debía estar autorizada para conducir vehículos de motor. Creado dicho cargo, lo ocupó el propio incumbente del empleo abolido bajo el mismo sueldo, por designación que se le hiciera el 17 de noviembre de 1962.

El Art. 42 de la Ley Municipal de 1960 según fue enmendado por la Ley Núm. 114 de 27 de junio de 1964, establece los cargos de los funcionarios administrativos de los municipios, entre los cuales no se encuentra el de Director de Obras Públicas. No obstante, las Asambleas Municipales están autorizadas por el Art. 43 para crear cargos adicionales de funcionarios administrativos que fueren necesarios para llevar a cabo una administración eficiente. En tal caso la Asamblea determinará las funciones del cargo y los requisitos que deben reunir los funcionarios que han de ocuparlos. Dispone

el Art. 44 que los funcionarios administrativos son nombrados por el Alcalde con el consejo y consentimiento de la Asamblea Municipal y desempeñarán sus cargos por el término para el cual el Alcalde hubiese sido electo o nombrado, o hasta que sus sustitutos hubieren tomado posesión, a menos que antes fueren destituidos por justa causa y previa formulación de cargos.

Surge del récord que en 28 de agosto de 1964 la Asamblea Municipal de Juncos adoptó un acuerdo en el sentido de enmendar el presupuesto vigente de 1964-65 para cambiar el nombre del cargo de Director de Obras Públicas por el de Inspector de Obras Públicas. El 11 de enero de 1965 la Alcaldesa recurrida informó por carta al recurrente que su término había expirado a tenor del Art. 44 de la Ley Municipal y que se designaba a otra persona para ocupar el cargo a quien él debía dar posesión en esa fecha.

Sostiene el recurrente que en virtud del acuerdo de la Asamblea Municipal de 28 de agosto de 1964 él estaba desempeñando el empleo de Inspector de Obras Públicas, empleo éste que conforme a la Ley Municipal era de caracter permanente sin que su ocupante pudiera ser separado del mismo sino en virtud de justa causa previa formulación de cargos y oportunidad de ser oído. No le asiste la razón al recurrente. Es cierto que en *Domínguez y otros* v. *Hilda Pacheco de Algarín, Alcaldesa de Juncos* [*Bezares* v. *González, Alcalde*], 84 D.P.R. 468 (1962), entre los empleos envueltos estaba el de Inspector de Obras Públicas, y este Tribunal sostuvo el derecho de su ocupante a permanecer en el mismo excepto que se le separara por justa causa y como dispone el Art. 93 de la Ley Municipal. Pero ese empleo fue abolido por la Asamblea Municipal y se creó en su lugar un cargo administrativo que por ley tiene un término fijo de incumbencia. Insinúa el recurrente que la Ordenanza Núm. 28 de 1962 fue un acto para restarle a dicho empleo su condición de permanente a la luz de la doctrina sentada en el caso de *Domínguez*.

■ Hemos resuelto en el pasado y ratificaríamos igualmente ahora que el derecho del ocupante de un empleo permanente a permanecer en el mismo no debe ser burlado mediante un subterfugio de cambiar el nombre del empleo y llamarlo de otra manera si en sustancia se trata del mismo empleo y de las mismas funciones. Cf. *Cruz* v. *Buscaglia*, 61 D.P.R. 737 (1943); *Cantellops* v. *Fernós*, 65 D.P.R. 797 (1946); *Gómez* v. *Negrón*, 65 D.P.R. 305 (1945). Pero bajo la escueta estipulación de hechos en que se sometió este caso a la Sala sentenciadora, ni ella ni nosotros quedamos en condiciones de resolver que esto fue lo ocurrido. En ausencia de tal prueba debemos asumir que las motivaciones que tuvo la Asamblea Municipal de Juncos para en 1962 crear mediante ordenanza el cargo de Director de Obras Públicas en el ejercicio de una función legal son las que aparecen de su texto.

El recurrente insiste en que la propia Asamblea Municipal volvió a crear el empleo de Inspector de Obras Públicas en virtud del acuerdo adoptado en 28 de agosto de 1964 y, por lo tanto, él retornó a una incumbencia permanente. Dispone el Art. 22 de la Ley Municipal de 1960, según fue éste enmendado por la Ley Núm. 114 de 27 de junio de 1964, que ninguna ordenanza o resolución de la Asamblea Municipal será ejecutiva hasta tanto sea aprobada y firmada por el Alcalde, después de haberle sido la misma presentada debidamente certificada por el Presidente y el Secretario de la Asamblea Municipal, el Secretario Municipal o el Secretario-Auditor, según sea el caso. Se estatuye ahí mismo que se exceptúan de estas disposiciones los acuerdos y resoluciones de índole interna de la Asamblea y otras actuaciones que se enumeran.

■ El acuerdo de la Asamblea Municipal de 28 de agosto de 1964 que enmendaba el presupuesto requería obviamente la firma del Alcalde para que fuera ejecutivo. No se trataba de materia de índole interna de la Asamblea. De la

certificación de dicho acuerdo que obra en autos no aparece que el mismo se le presentara a la Alcaldesa para su firma. No podemos convenir, por lo tanto, con el recurrente en el sentido de que por no haberlo devuelto la Alcaldesa sin su firma a la Asamblea dentro del término de 10 días según provee el Art. 23, el acuerdo adquirió fuerza ejecutiva. En adición, el mismo no abolió el cargo de Director de Obras Públicas, sólo dispuso que se le llamara de otra manera. Tampoco creó el empleo de Inspector de Obras Públicas. Habiendo sido designado el recurrente en 17 de noviembre de 1962 para ocupar el cargo de Director de Obras Públicas, por ley su incumbencia expiró al expirar la incumbencia del Alcalde que lo nombró en 10 de enero de 1961. Distinto al caso de *Domínguez*, supra, en que se trataba de un problema de destitución y no de incumbencia, aquí se trata de la incumbencia del cargo, no de destitución.

■ El caso no envuelve deber ministerial alguno de la Alcaldesa para mantener en su puesto al recurrente, a exigirse mediante *mandamus. Pérez Marchand* v. *Garrido, Comisionado,* 48 D.P.R. 457 (1935); *Domenech, Tesorero* v. *Corte,* 48 D.P.R. 542 (1935). Debemos llegar a la conclusión que la Sala sentenciadora no tenía facultad para conocer del asunto por caducidad de la acción.

*Por las razones consignadas, se confirmará la sentencia recurrida que desestimó la demanda.*