POLONIA CABALLERO ET AL., demandantes y apelantes, *v.* CAR-
LOS ROMERO BARCELÓ, ALCALDE DE SAN JUAN, demandado
y apelado.

*Número:* O-71-46          *Resuelto:* 14 de noviembre de 1974

*José B. Díaz Asencio* y *Luis F. Abreu Elías,* abogados de los
apelantes; *William H. Preston, Jr., José R. Feijoo, Josefina*

*Riollano, Luis F. Candal* y *José Ramón Pérez Hernández*, abogados del apelado.

PER CURIAM: En 26 de mayo de 1969, el Alcalde de San Juan, Honorable Carlos Romero Barceló, quien había tomado posesión de su cargo en enero de ese año, notificó por carta a varios empleados del Municipio de la Capital la eliminación de sus respectivos puestos. La carta del Sr. Alcalde dice como sigue:

"Recientemente se aprobó el presupuesto para el ejercicio fiscal 1969–70. La situación fiscal de este Municipio nos obligó a tomar medidas presupuestarias de austeridad que no pudimos evitar y nos hemos visto en la obligación de eliminar algunos programas y una serie de puestos.

Entre los puestos eliminados se encuentra la plaza que usted ocupa actualmente, por lo que me veo en la obligación de notificarle oficialmente que usted deberá comenzar a disfrutar sus vacaciones regulares a partir del martes 2 de junio de 1969. Concluidas sus vacaciones cesará toda vinculación patronal de este Municipio con usted.

Deseo aprovechar esta oportunidad para testimoniarle mi agradecimiento. . . ."

En agosto y octubre de 1969 varios empleados presentaron una acción de *mandamus* solicitando del Tribunal Superior que ordenase al Alcalde a reponerlos en sus empleos, aduciendo que el trabajo realizado por ellos estaba siendo realizado por otras personas por lo cual no era cierto que sus plazas habían sido eliminadas y que el Alcalde les había despedido ilegalmente y sin observar el procedimiento fijado por la ley.

El Tribunal Superior, a solicitud del Alcalde, desestimó la acción. Razonó el Tribunal que los puestos de las demandantes fueron eliminados por la Asamblea Municipal mediante ordenanza; que la acción debió incoarse contra la Asamblea y no contra el Alcalde; que aunque el Alcalde participó en el despido no procedía pronunciamiento alguno en su contra porque ello equivaldría a una intervención indirecta con la actuación de la Asamblea Municipal; que las actuaciones de las

Asambleas Municipales y de los alcaldes mencionadas en los incisos (a) y (b) del Art. 95 de la Ley Municipal, 21 L.P.R.A. sec. 1602, caducan a los veinte días de la fecha en que el acto ejecutivo o legislativo haya sido realizado.

Basándose en lo anterior, la ilustrada Sala sentenciadora declaró con lugar la defensa del demandado en el sentido de que la demanda no exponía hechos que justificasen la concesión de un remedio "ya que este Tribunal no tiene jurisdicción sobre la parte sobre quien pudiera recaer responsabilidad alguna." En consecuencia, desestimó la demanda.

Las demandantes instaron recurso de apelación ante nos. En su alegato hacen los siguientes señalamientos de error:

1. "Erró el Tribunal de instancia al determinar que en el presente caso era necesario demandar y emplazar a la Asamblea Municipal."

2. "Erró el Tribunal de instancia al considerar que la disposición legal aplicable al presente caso es el Artículo 95(a) o (b) de la Ley Municipal de 1960 y no el Artículo 95(c) del mismo cuerpo legal."

3. "Erró el Tribunal de instancia al determinar implícitamente que los derechos constitucionales y la reivindicación de los mismos caducan por el mero transcurso del tiempo y, específicamente, por el transcurso del término de 20 días que establece el Artículo 95 de la Ley Municipal vigente."

4. "Erró el Tribunal de instancia al considerar que las demandantes, a pesar de su negativa, aceptaron que se trataba de una instancia de eliminación de plazas y no de despidos."

5. "Erró el Tribunal de instancia al desestimar la demanda sin una vista en sus méritos y oportunidad para probar que los despidos se llevaron a cabo en violación al Artículo 93 de la Ley Municipal vigente."

6. "Los errores I al V anteriormente señalados indican que se privó a las demandantes-apelantes del debido proceso de ley garantizado por el Artículo II, sección 7, de la Constitución del Estado Libre Asociado de Puerto Rico y por la Enmienda V o XIV a la Constitución de los Estados Unidos."

En vista de que se cometieron los primeros dos errores señalados, es innecesario discutir los otros.

■ Error Núm. 1. No era necesario demandar y emplazar a la Asamblea Municipal. Un examen de los casos relacionados con despidos de empleados municipales revela que en algunas ocasiones se ha demandado al Alcalde; en otras a la Asamblea Municipal; y en otras al Municipio. Sin embargo, la cuestión planteada en el primer señalamiento ya ha sido resuelta por nosotros en el sentido de que en estos casos es suficiente con demandar al Alcalde solamente ya que la facultad para nombrar y destituir a empleados y funcionarios municipales reside en el Alcalde, quien es el Primer Ejecutivo del Gobierno Municipal. *Cantres* v. *Municipio Río Grande*, 34 D.P.R. 800 (1925) y *Rivera Aromí* v. *Asamblea Municipal*, 39 D.P.R. 79 (1929). Dicha facultad sigue depositada por ministerio de la ley en los alcaldes. 21 L.P.R.A. secs. 1254 (1), 1551 y 1553.

■ Error Núm. 2. El inciso (a) del Art. 95 de la Ley Municipal, 21 L.P.R.A. sec. 1602 (a), concede jurisdicción al Tribunal Superior para anular, y el inciso (b) para suspender, actuaciones del poder legislativo y del poder ejecutivo de los municipios. Las acciones bajo dichos incisos tienen un término de caducidad de veinte días. El inciso (c) del citado Art. 95 concede jurisdicción al Tribunal Superior para compeler el cumplimiento de deberes ministeriales por parte de los funcionarios de los municipios. Dicho Art. 95 no impone término alguno para instar acciones bajo el mencionado inciso (c).

■ La acción contemplada por el mencionado inciso (c) es la tradicional acción de *mandamus*. Como se sabe, el *mandamus* es un acto provisto para ordenar a funcionarios el cumplimiento de sus deberes ministeriales. Ya hemos resuelto que el *mandamus* es un remedio adecuado para ordenar a los alcaldes a restituir en sus cargos a funcionarios o empleados ilegalmente despedidos, *Soto* v. *Alcalde Municipio de Bayamón*, 99 D.P.R. 415, 420 (1970) y autoridades allí citadas.

El demandado cita el caso de *Centeno Rivera* v. *Pacheco de Algarín*, 94 D.P.R. 528 (1967). Dicho caso no es aplicable a la situación de hechos del caso de autos. Allí se trataba de un

funcionario—Director de Obras Públicas—de un municipio cuya incumbencia por ley expiraba al expirar la incumbencia del alcalde que lo nombró. En dicho caso no se trataba de un problema de destitución. Sin embargo, en dicho caso de *Centeno Rivera* expresamos:

"Hemos resuelto en el pasado y ratificaríamos igualmente ahora que el derecho del ocupante de un empleo permanente a permanecer en el mismo no debe ser burlado mediante un subterfugio de cambiar el nombre del empleo y llamarlo de otra manera si en sustancia se trata del mismo empleo y de las mismas funciones."

Como puede verse, aunque los hechos del caso de *Centeno Rivera* son distintos al caso de autos la tónica es la misma. Los ejecutivos no pueden transgredir las prescripciones de la ley. Los alcaldes tienen el deber ministerial de respetar la permanencia de los empleados permanentes a menos que se les destituya por justa causa y previa formulación de cargos y audiencia, a tenor con lo prescrito por la ley, Art. 93, de la Ley Municipal, 21 L.P.R.A. sec. 1553; *Soto* v. *Alcalde Municipio de Bayamón*, supra, pág. 418.

Desde luego, los municipios tienen facultad para abolir, de buena fe, cargos y empleos. Naturalmente, en esos casos no es necesario seguir el procedimiento de formulación de cargos, notificación y audiencia antes mencionada. Por otro lado, y sin que pasemos juicio por ahora sobre la situación de autos, la abolición de cargos y empleos como subterfugio para destituir empleados permanentes, obviando así el debido procedimiento de ley, no es práctica que estamos preparados para tolerar. En esos casos sostendremos el derecho de los peticionarios a instar acciones de *mandamus*. Si esas acciones estuviesen regidas por los citados incisos (a) y (b) del Art. 95, las cuales tienen un término de caducidad de veinte días, fácil sería para los alcaldes que se lo propusiesen sustituir a empleados permanentes ilegalmente destituidos mediante el nombramiento de los empleados sustitutos después de vencido dicho término de

veinte días. Por eso es que subsiste la acción de *mandamus* bajo el inciso (c) del Art. 95 en estos casos.

En vista de lo anterior *se revocará la sentencia apelada y se devolverá el caso al tribunal de instancia para la celebración de un juicio en el cual las demandantes-apelantes y el demandado-apelado tengan la oportunidad de sustanciar y/o de rebatir sus alegaciones.*

El Juez Asociado, Señor Martín, concurre en el resultado.