Opinión disidente emitida por la
Jueza Presidenta Señora Fiol Matta.
Por entender que el recurso de certificación ante nuestra consideración se tornó improcedente tras la opinión del Tribunal de Apelaciones para el Primer Circuito (Primer *132 Circuito) en Díaz-Carrasquillo v. García-Padilla,(1) disiento del curso de acción que hoy toma una mayoría del Tribunal. En su lugar, dejaría sin efecto el recurso de certificación para que el Tribunal de Distrito para el Distrito de Puerto Rico (Tribunal de Distrito) tome la acción que corresponda de acuerdo con la decisión del Primer Circuito que constituye la ley de caso.
I
El 15 de agosto de 2011, el Ledo. Iván Díaz Carrasquillo fue nombrado por el entonces gobernador, Hon. Luis Fortuito Burset, y confirmado por el Senado, como Ombudsman de la Oficina del Procurador de las Personas con Impedimentos al amparo del Plan de Reorganización Núm. 1-2011, el cual disponía un término de diez años para el nombramiento. No obstante, en el 2013, la Asamblea Legislativa aprobó la Ley Núm. 75-2013, la cual derogó el Plan de Reorganización Núm. 1-2011, eliminando así la Oficina del Procurador de las Personas con Impedimentos. También aprobó la Ley del Procurador de las Personas con Impedimentos del Estado Libre Asociado de Puerto Rico, Ley Núm. 78-2013, que estableció la Oficina del Procurador de las Personas con Impedimentos del Estado Libre Asociado de Puerto Rico como una agencia separada e independiente de cualquier otra entidad.
El 16 de agosto de 2013, el gobernador, Hon. Alejandro García Padilla, informó al licenciado Díaz Carrasquillo que había designado a la Sra. Margaret Morales como la persona que estaría a cargo de dirigir el proceso de transición que, según lo dispuesto en las Leyes Núms. 75-2013 y 78-2013, debía llevarse a cabo entre la extinta Oficina del Procurador de las Personas con Impedimentos y la nueva Oficina del Procurador de las Personas con Impedimentos del Estado Libre Asociado de Puerto Rico.
*133 Por esta razón, el 27 de agosto de 2013 el licenciado Díaz Carrasquillo presentó la demanda de referencia en el foro federal. Alegó discriminación política, en violación a la Ley de Derechos Civiles federal(2) y violación al debido proceso de ley, en cuanto a la terminación de su empleo. También adujo que tenía un interés propietario sobre su puesto y que en la actuación del gobernador había mediado negligencia, provocándole daños que se debían compensar según el Art. 1802 de nuestro Código Civil.(3) Ese mismo día, presentó una moción titulada “Urgent motion seeking temporary restraining orden & injunction”, en la que solicitó un interdicto preliminar a su favor para permanecer en su puesto.
El 28 de agosto de 2013, el licenciado Díaz Carrasquillo recibió una carta suscrita por la Secretaria de la Gobernación, Hon. Ingrid M. Vila Biaggi, en la que se le informó lo siguiente:
Sirva la presente para informarle que el Gobernador del Estado Libre Asociado de Puerto Rico, Hon. Alejandro J. García Padilla, el pasado 23 de agosto de 2013 designó al Sr. Ramón Calzada Jiménez como Procurador Interino de la Oficina del Procurador de las Personas con Impedimentos del Estado Libre Asociado de Puerto Rico, creada en virtud de la Ley 78-2013. Dicha designación fue notificada en el día de hoy.
Como es de su conocimiento, conforme a lo dispuesto en las Leyes 75-2013 y 78-2013, la Oficina del Procurador de las Personas con Impedimentos creada en virtud del ahora derogado Plan de Reorganización Núm. 1 de 2011 dejó de existir. Según lo dispuesto en el Artículo 19 de la Ley 78-2013, los documentos, expedientes, materiales, equipos y fondos asignados a la extinta Oficina del Procurador de las Personas con Impedimentos debieron ser transferidos a la Oficina del Procurador de las Personas con Impedimentos del Estado Libre Asociado de Puerto Rico.
A esos efectos, y en aras de asegurar la marcha adecuada de los trabajos, el Procurador Interino tomará posesión del cargo inmediatamente. Asimismo, conforme a la disposición legal antes citada, es necesario que, de no haberlo hecho, usted en *134 tregüe al Procurador Interino el control de todo documento, expediente, materiales, equipo, fondos, recurso y propiedad que pertenecía a la Oficina del Procurador de las Personas con Impedimentos, así como cualquier informe necesario para garantizar la continuidad de los servicios al pueblo de Puerto Rico. Case 3:13-cv-01646-DRD, Document 6-2.
Luego de varios trámites procesales, el 26 de septiembre de 2013, el Tribunal de Distrito emitió una “Opinion and order” mediante la cual hizo varias determinaciones y nos certificó cuatro preguntas relacionadas con la demanda que presentó el licenciado Díaz Carrasquillo. En primer lugar, determinó que el puesto que ocupa el licenciado Díaz Carrasquillo es de naturaleza híbrida, pues comprende algunas funciones que son puramente ejecutivas, otras cuasijudiciales y algunas cuasilegislativas. En segundo lugar, concedió al demandante un interdicto preliminar para que permanezca en su puesto durante la duración del pleito. Finalmente, y en cuanto a lo que nos concierne como foro estatal, el Tribunal de Distrito señaló que no encontró en la jurisprudencia puertorriqueña algún caso en el que hayamos considerado las implicaciones de una posición híbrida como esta. Tras recalcar que esta clasificación es determinante para resolver si procede o no la demanda, el Tribunal de Distrito nos refirió las cuatro preguntas siguientes:
(1) ¿Tiene el Procurador para las Personas con Impedimentos, por razón de sus funciones, un derecho propietario limitado sobre su puesto durante el término de su nombramiento, sujeto a “justa causa” según definido por ley?(4)
(2) ¿Debe considerarse que las restricciones de “justa causa” impuestas al gobernador para remover al demandante de su puesto interfieren con su facultad de llevar a cabo sus deberes constitucionales y de ejecutar propiamente las obligaciones de su cargo?(5)
*135 (3) ¿Qué factores debe utilizar el Tribunal al realizar esta determinación?(6)
(4) Si se reconoce un interés propietario limitado según el derecho puertorriqueño, ¿lo pierde el demandante bajo la doctrina de inmunidad legislativa, según alega la parte demandada?(7)
Esa orden fue presentada ante este Foro como recurso de certificación interjurisdiccional el 7 de octubre de 2013. Luego, el Tribunal de Distrito nos envió copia de las últimas entradas al expediente de la demanda federal en controversia. Estas indican que, el 4 de octubre de 2013, la parte demandada presentó un recurso de apelación ante el Primer Circuito en el cual cuestionó, entre otras cosas, el recurso de certificación interjurisdiccional que hoy nos ocupa.
El 16 de abril de 2014, el Primer Circuito revocó la or-den del Tribunal de Distrito por entender que el foro inferior había errado al concluir que el demandado tenía altas probabilidades de prevalecer en los méritos.(8) Razonó que el Tribunal de Distrito fundamentó su orden en premisas erradas, puesto que ignoró el hecho de que el señor Díaz Carrasquillo no fue removido del cargo, sino que la posición fue eliminada por ley. Así, pues, dejó sin efecto el injunction preliminar emitido por el Tribunal de Distrito y devolvió el caso para la continuación de los procedimientos. Inconforme, el demandante solicitó que su caso se viera “en banc” (“Petition for rehearing en banc”). En su moción, solicitó que el Primer Circuito se abstuviera de resolver hasta tanto este Tribunal se expresara sobre las preguntas certificadas. El 9 de mayo de 2014, el Primer Circuito denegó esa moción.(9)
*136 Aún inconforme, el señor Díaz Carrasquillo presentó ante esta Curia una “Moción urgente solicitando orden de paralización en auxilio de la jurisdicción de este Tribunal”. El demandante solicitó que paralizáramos los efectos del dictamen emitido por el Primer Circuito. Oportunamente, la procuradora general se opuso. Señaló que “[d]icho escrito presenta una solicitud sin precedente y abiertamente contraria a derecho, mediante la cual el demandante pretende que este Honorable Tribunal actúe sin jurisdicción e interfiera indebidamente con un dictamen emitido por un foro federal, revisando colateralmente un dictamen del Tribunal de Apelaciones de los Estados Unidos para el Primer Circuito”.(10) Luego, el demandante presentó una réplica en la cual reiteró sus reclamos y rebatió varios argumentos de la procuradora general. A su vez, la procuradora general presentó una breve dúplica a la réplica. Por último, la parte demandante presentó una “Moción urgente en tomo a dúplica de la parte demandada”.
Ante esta situación, una mayoría de este Tribunal decidió contestar las preguntas certificadas —junto a otras que no fueron incluidas en el recurso— y emite hoy una opinión consultiva que no tendrá efecto alguno sobre la resolución final del caso ante el Tribunal de Distrito. Este proceder nos coloca en una situación antagónica frente a la jurisdicción federal.
II
El recurso de certificación inteijurisdiccional es un mecanismo procesal en virtud del cual “las cuestiones dudosas o no resueltas en el derecho estatal son transferidas directamente al foro de mayor jerarquía del estado mediante la certificación por la Corte federal de preguntas específicas para una contestación definitiva que obligue a las
*137 partes”.(11) Este mecanismo permite mitigar las tensiones inherentes a un sistema de justicia federativo en el que coexisten dos sistemas judiciales soberanos: el federal y el estatal.(12) Con relación a los requisitos particulares para que se conceda la certificación, el Art. 3.002(g) de la Ley de la Judicatura de 2003,(13) dispone que el Tribunal Supremo de Puerto Rico,
[mjediante auto de certificación, podrá conocer de cualquier asunto que le fuere certificado por el Tribunal Supremo de Estados Unidos de América, un Tribunal de Apelaciones de Circuito de Estados Unidos de América, un Tribunal de Distrito de Estados Unidos de América o el más alto tribunal apelativo de cualesquiera de los estados de Estados Unidos de América, cuando así lo solicite cualesquiera de dichos tribunales, de existir ante el tribunal solicitante cualquier asunto judicial en el que estén implicadas cuestiones de derecho puertorriqueño que puedan determinar el resultado del mismo y respecto al cual, en la opinión del tribunal solicitante, no existan precedentes claros en la jurisprudencia de este Tribunal. (Énfasis suplido)(14)
Es decir, para que proceda una certificación, la controversia tiene que involucrar cuestiones de derecho puertorriqueño que sean determinantes para el resultado del caso, no deben existir precedentes claros en la jurisprudencia de este Foro y la solicitud debe incluir una relación de todos los hechos relevantes a dichas interrogantes.(15)
Sobre esta facultad, hemos expresado que “nuestra capacidad de conocer en materia de certificación no es absoluta”.(16) Estamos limitados a las interrogantes presentadas por el tribunal federal de que se trate. Esto, pues el foro de origen es el que mantiene jurisdicción sobre los *138 méritos finales del caso, mientras que el tribunal que recibe la consulta circunscribe su participación a contestar las preguntas certificadas. A tono con lo anterior, la autoridad de este Tribunal en un recurso de certificación se limita a atender las interrogantes presentadas por el Tribunal de Distrito, pues si bien tenemos jurisdicción sobre el asunto certificado, no la tenemos sobre los méritos de la reclamación que pende ante el foro federal.
III
En este caso, el Tribunal de Distrito nos certificó cuatro interrogantes. Todas se refieren a la aplicabilidad de la jurisprudencia sobre la remoción de funcionarios ejecutivos, las funciones cuasilegislativas y las cuasijudiciales de un funcionario ejecutivo y sobre el poder de remoción del gobernador. Mientras la petición de certificación estaba ante nuestra consideración, el Estado acudió al Primer Circuito. Ese foro acogió el recurso y revocó la decisión del Tribunal de Distrito que concedió el injunction preliminar a favor del señor Díaz Carrasquillo.
El Primer Circuito señaló en su opinión que “el tribunal de distrito obvió un factor material que ameritaba un peso significante —realmente la tesis central del argumento del apelante”.(17) El hecho material al que se refería el Primer Circuito es que el puesto del señor Díaz Carrasquillo fue abolido por la Ley Núm. 75-2013, supra. Añadió el Primer Circuito lo siguiente:
Díaz no argumentó que la Legislatura no tenía el poder de abolir su posición de Procurador. En vez, niega la existencia de ese hecho histórico. Específicamente, alega que el trámite legislativo no revela la intención de eliminar su posición como Procurador y que la Ley 78 no provee expresamente para su *139 destitución. Aunque quizás sea correcto, este argumento no atiende la controversia. El Artículo 75, luego de proveer numerosas razones para ello, sin lugar a dudas deroga el Plan de Reorganización que creó el puesto de Díaz. Al hacerlo, la Legislatura abolió la posición del Procurador.
Aunque el poder de la Legislatura está delimitado por las constituciones estatal y federal, en este caso no hay ningún reclamo válido de que la abolición de la Oficina del Procurador de las Personas con Impedimentos viola de por sí alguna disposición constitucional. Díaz levanta un argumento de retroactividad, citando el derecho puertorriqueño para sostener que mediante legislación no se pueden eliminar derechos previamente adquiridos. Pero, nuevamente, aunque esto puede ser correcto, está fuera de lugar. Díaz no tiene ningún interés propietario, es decir, ningún’ derecho’ a su posición como Procurador. Más aún, si pudiera identificar un interés propietario válido al amparo del Derecho de Puerto Rico,’ el proceso legislativo en sí le proveyó su debido proceso de ley’ ”. (Traducción nuestra y énfasis suplido). Díaz-Carrasquillo v. GarcíaPadilla, supra, págs. 8-10, Case 13-2277, Exhibit I de la “Moción urgente solicitando orden de paralización en auxilio de la jusrisdicción de este Tribunal”.(18)
Concluye el Primer Circuito que:
Al alegar que es inconstitucional abolir la posición de Procurador sin una vista individualizada, Díaz le pide a la corte federal que restrinja la facultad de la Legislatura de restructurar su personal. “Nuestra Constitución, sin embargo, no contiene tal restricción federal” “Todo gobierno competente debe tener el poder general de promulgar y derogar leyes; y el *140 poder para crear, cambiar o descontinuar las entidades designadas para ejecutar esas leyes”.(19)
Una simple lectura de la Opinión del Primer Circuito denota que las interrogantes certificadas por el Tribunal de Distrito estaban basadas en premisas erradas y que el foro intermedio se vio obligado a reenfocar el análisis que debe realizar el foro inferior de acuerdo con las alegaciones del señor Díaz Carrasquillo. Esto, a su vez, tornó en inmeritoria la petición de certificación que tenemos ante nuestra consideración. Por ello, lo único que procede en esta etapa procesal es dejar sin efecto el auto de certificación.
Hemos explicado que “la certificación no puede eludir el principio fundamental que fija el sentido y propósito de la función judicial, el de que ésta sólo puede ejercerse para resolver controversias concretas, reales y efectivas entre litigantes que reclaman derechos opuestos ante el tribunal”, y que “[e]s necesario, por lo tanto, que la certificación satisfaga cabalmente este principio elemental de justiciabilidad no solo en nuestro foro, sino, además, en el foro federal”. (Énfasis suplido).(20)
Tras la decisión del Primer Circuito, el recurso de certificación interjurisdiccional no es justiciable, toda vez que las preguntas certificadas no son determinantes para el resultado del caso. Específicamente, el asunto de umbral sobre el poder de la Asamblea Legislativa de eliminar el puesto del demandante no fue referido a nuestra atención. Además, según señaló el Primer Circuito, la verdadera controversia del caso ya fue atendida por este Tribunal en Gómez v. Negrón(21) por lo que tampoco se cumple con la *141 exigencia de que no haya un precedente claro en nuestro ordenamiento. Más aún, la Opinión del Tribunal elabora y atiende controversias más allá de las cuatro interrogantes referidas por el Tribunal de Distrito. Reiteramos que ya el Primer Circuito aplicó el precedente de Gómez v. Negrón(22) y resolvió que la Asamblea Legislativa tenía la potestad de eliminar el puesto en controversia y que el señor Díaz Carrasquillo no tenía un derecho propietario sobre su puesto. Es por eso que los pronunciamientos de la mayoría constituyen una mera opinión consultiva.(23)
IV
La decisión que hoy se emite vulnera los principios rectores del recurso de certificación interjurisdiccional y representa una intervención indebida y errada con la jurisdicción federal que contraviene nociones básicas de justiciabilidad. Una vez el Primer Circuito revocó al Tribunal de Distrito y reenfocó la controversia del caso, lo único que restaba por hacer era dejar sin efecto el recurso de certificación. Emitir una opinión en esta etapa del proceso es impropio e improcedente en Derecho. Resulta aún más preocupante que la mayoría no solo conteste las interrogantes certificadas, sino que resuelva en los méritos el reclamo del demandante utilizando el marco de referencia equivocado adoptado por el Tribunal de Distrito federal y revocado por el foro apelativo de ese sistema por ser claramente erróneo. Incluso, llama la atención que la decisión del Primer Circuito amerita tan solo una escueta nota al calce en la Opinión mayoritaria.
Por todo lo anterior, disiento.

 Díaz Carrasquillo v. García-Padilla, 13-2277, 2014 WL 1613705 (1er Cir. 16 de abril de 2014)

 Civil Rights Act, 42 USC sec. 1983.

 31 LPEA sec. 5141.

 “Does the Ombudsman for Persons with Disabilities of Puerto Rico, because of his functions, enjoy a limited property right to remain in his position for the duration of his fixed term subject to ‘just cause’ as defined by law?”. Case 3:13-cv-01646-DRD, Document 75, pág. 12.

 “Should the ‘just cause’ restrictions imposed on the Governor for removing Plaintiff from his position be considered an interference with Governor’s ability to perform his constitutional duty and properly execute the duties of his office?”. Id.

 “What factors should the Court utilize when mating such a determination?”. id.

 “If there is a limited property right under Puerto Rico law, does Plaintiff lose his right under the doctrine of legislative immunity as asserted by Defendants?”. Id.

 Díaz-Carrasquillo v. García-Padilla, supra.

 Véase Order of Court, Anejo 1 de la “Urgente oposición a ‘Moción urgente solicitando orden de paralización en auxilio de la jurisdicción de este Tribunal’ y Solicitud para que se anule el auto de certificación”.

 Urgente oposición a “Moción urgente solicitando orden de paralización en auxilio de la jurisdicción de este Tribunal” y solicitud para que se anule el auto de certificación, pág. 1.

 Pan Ame. Comp. Corp. v. Data Gen. Corp., 112 DPR 780, 785 (1982).

 Santana v. Gobernadora, 165 DPR 28, 42 (2005).

5) Ley Núm. 201-2003 (4 LPRA sec. 24 et seq.).

 4 LPRA sec. 24s(g).

6) Pan Ame. Comp. Corp. v. Data Gen. Corp., supra, pág. 788.

 Smyth, Puig v. Oriental Bank, 170 DPR 73, 77 (2007) (voto de conformidad del Juez Presidente Señor Hernández Denton).

 “[T]he district court ignored a material factor deserving significant weight —indeed the central thesis of appellant’s argument”. Díaz-Carrasquillo v. García-Padilla, supra, pág. 8, Case 13-2277, Exhibit I de la “Moción urgente solicitando orden de paralización en auxilio de la jusrisdicción de este Tribunal”.

 “Díaz does not argue that the Legislature lacked the power to abolish his Advocate position. Instead, he disputes the existence of that historical fact. Specifically, he claims that the legislative history does not evince an intent to eliminate Diaz’s Advocate position and that Law 78 does not explicitly provide for his removal. While perhaps accurate, this argument misses the point. Article 75, after providing numerous reasons for doing so, unambiguously repealed the very Reorganization Plan which created Diaz’s job. In so doing, the Legislature abolished the position of Advocate. [...]
“While the legislature’s power is bounded by the state and federal constitutions, [...] there is no viable claim here that the abolition of the Advocate Office independently violated some constitutional proscription. Diaz asserts a retroactivity argument, citing Puerto Rico law for the proposition that later legislation cannot take away previously acquired rights. But again, while that may [be] an accurate statement of the law, it is misplaced here. Diaz had no property interest, i.e. no ‘right,’ in the Advocate position. [...] Moreover, even if he could identify a valid property interest created by Puerto Rico law, ‘the legislative process itself provide[d him] with all the 'process’ [he] was ‘due’ ”. (Énfasis suplido y escolio omitido). íd., págs. 8-10.

 “[B]y claiming that it is unconstitutional for Puerto Rico to abolish the Advocate position without an individualized hearing, Diaz is asking the federal court to constrain the Puerto Rico Legislature’s ability to restructure its workforce. ‘Our Constitution, however, embodies no such federal constraint [...]’ ‘[I]n every perfect or competent government, there must exist a general power to enact and to repeal laws; and to create and change or discontinue, the agents designated for the execution of those laws’ ”. íd., págs. 11-12.

 Pan Ame. Comp. Corp. v. Data General Corp., supra, págs. 785-786.

 Gómez v. Negrón, 65 DPR 305 (1945).

 íd.

 Recordemos que en nuestra jurisdicción “no es función de los tribunales actuar como asesores o consejeros”. Ortiz v. F.E.I., 155 DPR 219, 251-252 (2001).